IN THE UNITED STATES DISTRICT COURT
FOR THE __Northern__ DISTRICT OF TEXAS
__Wichita Falls__ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 1 3 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

__Tracy Allen #595106__
Plaintiff's name and ID Number

__J. V. Allred__
Place of Confinement

CASE NO: __7-14-CV-006-O-BL__
(Clerk will assign the number)

v.

__Leonard Dugan 2101 F.M. 369 N. Iowa Park, Tx. 76367__
Defendant's name and address

__Cleofe Palma, 2101 F.M. 369 N., Iowa Park, Tx. 76367__
Defendant's name and address

_____
Defendant's name and address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

# FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I. PREVIOUS LAWSUITS:

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?  _____ YES  __✓__ NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: ____N/A____

2. Parties to previous lawsuit:
   Plaintiff(s): ____N/A____

   Defendant(s): ____N/A____

3. Court (If federal, name the district; if state, name the county) ____N/A____

4. Docket Number: ____N/A____

5. Name of judge to whom case was assigned: ____N/A____

6. Disposition: (Was the case dismissed, appealed, still pending?)
   ____N/A____

7. Approximate date of disposition: ____N/A____

II. **PLACE OF PRESENT CONFINEMENT:** James V. Allred

III. **EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? ✓ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV. **PARTIES TO THE SUIT:**

A. Name of address of plaintiff: Tracy Allen, 2101 F.M. 369 N., Iowa Park, Tx. 76367

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Leonard Dugan, C.O.3., Allred Unit, 2101 F.M. 369N., Iowa Park, Tx. 76367

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
Maliciously and Sadistically assaulted me with Chemical Agents for the very purpose to cause me harm when there was no real need.

Defendant #2: Cleote Palma, C.O.5, Allred Unit, 2101 F.M. 369N., Iowa Park, Tx. 76367

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
Intentionally denied me access to Court by not filing my step 1 grievance to hinder me from filing suit in the Courts

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

ATC 1983 (Rev. 04/06)         Page 3 of 5

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

SEE ATTACHED PAGES ( ) THRU ( )

## VI. RELIEF:
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

Compensatory and punitive damages; Jury trial; and any other actions deemed just by the Court

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

Tracy Allen

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

595106

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___ YES  ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)
  1. Court that imposed sanctions (If federal, give district and division): N/A
  2. Case Number: N/A
  3. Approximate date sanctions were imposed: N/A
  4. Have the sanctions been lifted or otherwise satisfied? N/A YES N/A NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____ YES ✓ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that imposed warning (if federal, give the district and division): _____N/A_____
  2. Case number: _____N/A_____
  3. Approximate date warning were imposed: _____N/A_____

Executed on: __1-2-14__
         (Date)

__Tracy Allen__
         (Printed Name)

__[signature]__
         (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this __2nd__ day of __January__, 20 __14__.
         (Day)         (Month)         (Year)

__Tracy Allen__
         (Printed Name)

__[signature]__
         (Signature of Plaintiff)

**WARNING:** The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.

1. On September 18, 2013, while on the Administrative Segregation (hereinafter Ad Seg) Pod 12 building B pod 29 cell, Defendant Dugan ordered Cos Recharek the picket officer to open 12 B 29 cell. While I was sitting at the table and on the bunk in 12 B-32 cell the picket officer open my cell door. As I sat at the table watching the door waiting for the officer to reclose the door I heard somebody say "Secure the door!" I didn't know who they were talking to. While watching the door I saw defendant Dugan approach the door and opened it all the way. While standing in the door defendant Dugan yelled at me angrily "Why didn't you close the damn door? I should gas your ass!" I responded "First off, it's your job to secure the cell doors, inmates aren't allowed to operate security doors. Secondly, TDCJ policy clearly state that Ad Seg offenders will not remain away from all unsecured doors unless they are in restraints. That's why I'm sitting way over here in this corner." Defendant Dugan stated "I still should gas your ass." I told him to "Shut the door and gone on about your business." He then pulled out his canister of chemical agents and maliciously and sadistically for the very purpose to cause me harm assaulted me with chemical agents in my face, back of my head and back area. Once he emptied the canister he then closed the cell door.

2. At no time did I give Defendant Dugan any legitimate reason to use chemical agents against me. At no time did I assault or attempt to assault this officer, try to escape or breach the door way nor did I cause significant damage to TDCJ property.

3. The actions of Defendant Dugan cause my eyes to burn with excruciating pain, cause real bad headaches, choking and lack of oxygen, coughing which induced straining in my testicles and anxiety attacks fearing that I was going to pass out and die from lack of oxygen. I'm still experiencing blurred vision and buring in right eye as a result of use of force.

4. Approximately 20 minutes later I was downgraded from level 1 to level 3 for attempting to assault officer and disobeying (officer) order. I was stripped out and escorted to level 3 F-pod.

5. On September 30, 2013, I filed a timely step 1 grievance in compliance with the

TDCJ Grievance Procedure concerning the unprovoked use of Chemical Agents by placing it in the grievance box. I watched as Defendant Palma pick this grievance up. I then wrote numerous ~~a~~ Request to Officials in Grievance Department asking for the grievance number to said grievance. When I received no responses I wrote the Warden (Wathen) seeking resolution. Only then did Grievance Investigator Deanna Toft responded claiming no grievance was received by the Grievance officer. Thereby exhausting my administrative remedies.

b. The next day after recieving a response approximately 0800 hours at 12 F-pod I asked Defendant Palma "what happened to my grievance I filed about the unprovoked use of Chemical Agents on B-pod?" He stated "who is that Allen?" I said "yes." He then told me that "I cant file that grievance until after I go to disciplinary hearing." I told him to send me the grievance back stating that. He said "Im not send you that grievance back saying nothing like that." He then left.

7. On information and belief the Unit Grievance Department Investigators Deanna Toft, Tracy Cooke, Robert Stivers and Cleofe Palma deny Ad Seg offenders the right to Access to Court by taking receipt of their grievances and not filing them or by refusing to allow us to file a grievance prior to a disciplinary hearing in accordance to the TDCJ Grievance Procedure..

8. On October 4, 2013 and during the disciplinary hearing for case #20140027628 defendant Dugan admitted that I did not exit the cell, however, the case he wrote stated that I attempted to assault defendant Dugan by bowing ~~~~ my body and stepping out of my cell in a threatening manner - which is not true. Inferences can be drawn that if I never exited the cell I could not have attempted to assault defendant Dugan by bowing my body. Further inferences can be drawn that if I never exited the cell then I couldn't have disobeyed the officer order to reenter the cell. The filing of this disciplinary case was an act of conspiracy to cover up the Malicious use of Chemical Agents.

(2) of (2)



# Texas Department of Criminal Justice

## STEP 2 OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2014023642 |
| UGI Rec'd Date: | NOV 04 2013 |
| HQ Rec'd Date: | NOV 07 2013 |
| Date Due: | |
| Grievance Code: | 410 |
| Investigator ID#: | 1303 |
| Extension Date: | |

NOV 18 2013

**Offender Name:** Tracy Allen  **TDCJ #** 595106
**Unit:** Allred  **Housing Assignment:** 12-F-17
**Unit where incident occurred:** James V. Allred 2101 FM 369 N Iowa Park Texas 76367

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Inmate Allen, Tracy #595106 appealing the decision of Step 1 GR# 2014023642 because Ass't. Honsley, Charles R. response is flawed. I appeal for following reasons:  #1 There is insufficient evidence to support a finding of guilty. There's a distortion taking place in the quality and kind of evidence of a defined commercial nature offered to the public. CO Dugan was asked at the hearing, did "Allen" actually exit his cell? NO! And where was the offenders hands? Both hands of the offender where on the door jamb!

Said officers self-admitted response per se is credible and permissable evidence that is fair refutation to the basis of report # 20140 27698. Secondly, a violation of Executive Directive PD-22 Employee General Rule of Conduct # 10 Falsification of records. And is a most serious violation of the law pursuant to Penal code Chapter 39 Abuse of Office (Sec P.C. 39.04).

Any presumption that offender Allen attempted to assault CO Dugan by bowing his body and stepping out of his cell in a threatening manner. Is rebutted by staff's own testimony."

Officer Dugan was furthermore, asked: Did he order offender to go back into his cell? Yes! And how many orders were given? Six! From which direction did you (Dugan) approach the cell door? From the right side. The back to push the door shut! And did you use chemical agents at this time? Yes!

Direct orders to go back inside of my cell is not corroborated by evidence, and six orders are foreign to said report. For CO Dugan to approach the door from the right, is a clear indication that demonstrates that no actual threat existed as Dugan should not have sprayed 100% of his chemical agents at cell's interior far right position. 29 cell prones left to right!

Any presumption that orders were actually given in a panicked situation is ludicrous... And an order to close the cell door, could only serve as entrapment or an ulterior motive in such circumstance. Dugan was in complete violation of protocol. Such culpable negligence was the causation to the use of chemical agents / PD-22 Rule #24 Non-provoked use of force without serious injuries violation.

#2 The DHO automatically excluded my witness Co. 5 Emil J. Pechacek's statement (evidence). Evidence not disclosed to the defense. Evidence not repeated into the tape recorder. Improprieties in investigative procedures." The cited repeated omissions of exculpatory evidence... including debatably fabricated evidence and

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

Failure to follow obvious and apparent leads which involve cover-up. At this time, I am requesting a DE NOVO review of my STEP 1 appeal to case #20140027678 and of the tape recording.

I do believe that I am entitled to relief because of the arbitrary actions of the DHO. The 09-30-13 seizure of grievance "Life Endangerment" and I-60 by grievance staff Co.5 Cleofe T. Palma is an obvious impropriety in its investigative tactics. It seems to be some kind of conspiracy to conceal the truth about what

Offender Signature: _Irving Allen_   Date: 10/31/13

**Grievance Response:**

Major Disciplinary Case #20140027678 has been reviewed. There was sufficient evidence presented for the charge and the finding of guilt. There were no apparent due process errors and the punishment was within guidelines. Your points of appeal have been found to be without merit and no further action will be taken by this office.

Signature Authority: **B. PARKER**   Date: NOV 08 2013

---

Returned because:   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

**Initial Submission**   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission**   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)   Appendix G

To: USDC Clerk
1000 Lamar Rm. # 203
Wichita Falls, TX. 76301

Re: Allen v. Dugan et al., # _____

Dear Ma'am:

 Enclosed Please find (2) Original Complaints, (1) Motion to Proceed Informa Pauperis, (1) Step grievance attached and (1) Certified 6 month Printout of my Inmate Trust Fund.
 Please file this immediately and bring it to the Judge's Attention.
 Thank you.  Sincerely

x _Tracy Allen_
Tracy Allen # 595106
2101 F.M. 369 N
Iowa Park, TX. 76367

